Emory JONES, II, et al., Plaintiffs,

v.

WAL–MART STORES, INC., et al., Rose America Corporation, Formosa May, Inc. d/b/a Aime Imports, Aime Imports, Custom Metal Crafters, Inc. and North & Judd, Inc., Defendants.

Rose America Corporation, Cross–Claimant,

v.

Formosa May, Inc., d/b/a Aime Imports, Aime Imports, Cross–Defendants.

North & Judd, Inc., Third Party Plaintiff,

v.

Tay Geen Industry Co., Ltd., Third Party Defendant.

No. 3:98CV2365(WWE).

United States District Court, D. Connecticut.

Nov. 19, 1999.

Roy T. Tabor, Tabor, Fels & Tabor, Indianapolis, IN, for Plaintiffs.

Louis A. Annecchino, Bai, Pollock & Coyne, Bridgeport, CT, Eric A. Riegner, Locke, Reynolds, Boyd & Weisell, Indianapolis, IN, Alan D. Wilson, Fell, McGarvey, Trauring & Wilson, Kokomo, IN, for Defendants.

Ruben B. Shehigian, Jr., Aronson, Smith & Cross, Chicago, IL, for Custom Metal Crafters, Inc.

Deborah Etlinger, Wolf, Horowitz, Rosenthal, Etlinger & Ray, Hartford, CT, William V. Hutchens, Jeffrey J. Mortier, Locke, Reynolds, Boyd & Weisell, Indianapolis, IN, for North & Judd, Inc.

Kevin P. Walsh, Cella, McKeon & Williams, North Haven, CT, Franklin E. Breckenridge, Richard A. Smikle, Ice, Miller, Donadio & Ryan, Indianapolis, IN, for Tay Geen Indus., Ltd.

## RULING ON THIRD PARTY DEFENDANT'S MOTION TO DISMISS

EGINTON, Senior District Judge.

This multi-party product liability action commenced by the plaintiff Emory Jones arises out of the manufacture and distribution of a dog-leash by the defendants which malfunctioned and caused the plaintiff serious eye injury. In response to plaintiff Jones's individual complaint against North & Judd ("North"), North impleads Tay Geen Industry ("Tay Geen") alleging common law indemnity and breach of an implied warranty arising out of Tay Geen's sale of a metal clasp which was a component of the allegedly defective leash.

Pending before this Court is the third party defendant Tay Geen Industry's Motion to Dismiss the second count of the third party plaintiff North's[1] complaint [Doc. # 166]. For the following reasons, Tay Geen's motion will be denied.

## DISCUSSION

Tay Geen argues that North may not bring a breach of warranty claim pursuant to the Uniform Commercial Code because remedies of a third party plaintiff against a product seller are limited to indemnification. This Court disagrees.

1. On July 14, 1997, Jones and North negotiated a settlement of Jones's claims against North. The settlement was paid by Granite State Insurance: North's insurer. Granite State Insurance Company filed a Motion for substitution of Third Party Plaintiff on May 25, 1999 and continues this third party action in place of North to collect the amount paid in settlement from Tay Green.

2. A suit is barred under the Connecticut Products Liability Act (C.G.S.52–572m(b)) where it is brought by a commercial third party plain-

The Connecticut Products Liability Act provides in part:

> As between commercial parties, commercial loss covered by a product is not harm and may not be recovered by a claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under Title 42a, the Uniform Commercial Code.

C.G.S. 52–572(c). While the Products Liability Act is the exclusive remedy for claims against product sellers, it is intended only for claims falling within its scope. *Burkert v. Petrol Plus of Naugatuck, Inc.*, 216 Conn. 65, 73, 579 A.2d 26 (1990). "Claims arising outside the scope of the Act, however, may be asserted as common law actions or pursuant to alternative statutory provisions." *Lopez v. General Motors*, 1993 WL 182366. (Conn.Super.).

North has not commenced a direct action for recovery under the Products Liability Act[2], but his claims sound in breach of implied warranties under the UCC and common law indemnity. Therefore, North falls outside the scope of the act and is free to bring an action pursuant to the UCC. *See Gelormino v. J.C. Penney Co.*, 1997 WL 404020 (Conn.Super.); *See also Torrington Country Club v. Ply Gen*, 1994 WL 320228 (Conn.Super.) (Connecticut courts permitted a defendant to proceed with both common law indemnity claims as well as a claim for breach of warranty against a product seller).

Furthermore, as Tay Geen has not cited any cases which suggest that the remedies of a third party plaintiff against a product

tiff against a manufacturer because third party commercial plaintiff has not suffered the personal injury, death, or property damages the statute was designed to remedy. *Gelormino v. J.C. Penney Co.*, 1997 WL 404020 (Conn.Super.).

C.G.S. 52–572m(b) provides that a "product liability claim includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design ... of any product."

seller are limited to indemnification or may not be brought pursuant to the UCC, Tay Geen's motion fails.

For the reasons stated above, Third Party Defendant Tay Geen's Motion to Dismiss [Doc.# 166] is denied.